This Court, in Assured Investors Life Insurance Co. v.National Union Associates, Inc., 362 So.2d 228 (Ala. 1978), set out the standard of review to be applied to a trial court's protective order limiting discovery:
 "Rule 26(c), [Ala.R.Civ.P.], recognizes . . . that the right to discovery is not unlimited, and the trial court has broad powers to control the use of the process to prevent its abuse by any party. See Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962); and DeLong Corp. v. Lucas, 138 F. Supp. 805
(S.D.N.Y. 1956). The Rule does not allow an arbitrary limit on discovery; instead, it vests the trial court with judicial discretion in the discovery process. The question on review, then, becomes one of whether, under all the circumstances, the court has abused this discretion. Campbell v. Regal Typewriter Co., 341 So.2d 120 (Ala. 1976). An appellate court may not decide whether it would, in the first instance, have permitted the prayed for discovery. Furthermore, it is unusual to find abuse of discretion in these matters. Swanner v. United States, 406 F.2d 716 (5th Cir. 1969); Tiedman v. American Pigment Corp. 253 F.2d 803 (4th Cir. 1958); Ex parte Alabama Power Co., 280 Ala. 586, 196 So.2d 702 (1967); and 35A C.J.S Federal Civil Procedure §§ 532, 592."
Assured Investors Life Insurance Co. 362 So.2d at 231-32.
The petitioners have not demonstrated that the trial judge abused his discretion in this case. The trial judge issued a protective order to guard against abuse of the discovery process. The trial judge has not stopped discovery and is not preventing the petitioners from gaining the information they need to pursue their cause of action. He is carefully monitoring how discovery proceeds. The trial judge in this case is in the better position to judge how discovery should be handled and what protections are needed. I would deny the petition for the writ of mandamus.